IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLIFFORD DEWAYNE GRIFFIN, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:15-CV-514-Y |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed

by petitioner, Clifford Dewayne Griffin, a state prisoner, against Lorie Davis, director of the Texas

Department of Criminal Justice, Correctional Institutions Division (TDCJ), Respondent.

After having considered the petition and relief sought by Petitioner, the Court has concluded

that the petition should be dismissed as time-barred.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is serving a 45-year sentence in TDCJ on his 1992 convictions in Tarrant County,

Texas, cause numbers 0449519D and 0449399D, for robbery with bodily injury and robbery by

threats. Offender Information Details, ECF No. 12-2. Petitioner was released on parole in 2008.

Resp't's Answer 4, ECF No. 6. On March 4, 2013, Petitioner was advised of his rights in the

revocation process, admitted to committing three of five alleged violations of his release, and waived

his right to a preliminary hearing. Writ 50-53, ECF No. 12-3. On May 1, 2013, Petitioner was

advised of his rights in the revocation process, admitted to committing six of seven alleged violations

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

of his release, and waived his right to a revocation hearing. *Id.* at 54-58. By way of this petition, Petitioner claims his due process rights were violated during the 2013 parole revocation proceedings because he was not appointed counsel to assist him and because his parole officer coerced a "mentally impaired petitioner" to waive his right to attend the revocation hearing. Pet. 6, ECF No. 1. Petitioner filed a state habeas application raising his claims on April 12, 2014, which was denied by the Texas Court of Criminal Appeals on September 10, 2014, without written order on the findings of the trial court.[2] Writ 18, ECF No. 12-3; Action Taken, ECF No. 12-1. This federal petition was filed on July 9, 2015.[3] Pet. 10, ECF No. 1. Petitioner seeks reinstatement of his parole and all forfeited "back/street time" credit. *Id.* at 7.

## II.  STATUTE OF LIMITATIONS

Respondent asserts the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective April 24, 1996. Resp't's Answer 5-10, ECF No. 6. The Act imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Title 28, United States Code, § 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created

---

[2]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date Petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by Petitioner on April 12, 2014; thus, the Court deems the application filed on that date. Writ 18, ECF No. 12-3.

[3]Likewise, a federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of parole-revocation proceedings and the resultant forfeiture of certain time credits, subsection (D) governs when the limitations period begins to run. Under that provision, the limitations period commences on the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. *Stone v. Thaler,* 614 F.3d 136, 138 (5th Cir. 2010). Petitioner's claims regarding the parole revocation proceedings could have been discovered through the exercise of due diligence at the time of his revocation on May 1, 2013, or shortly thereafter. Thus, it was necessary for Petitioner to raise his claims in a federal petition filed on or before May 1, 2014, subject to statutory or equitable tolling.

The limitations period was statutorily tolled 152 days during the pendency of Petitioner's state habeas application, making his federal petition due on or before September 30, 2014. Petitioner has not, however, alleged or demonstrated circumstances warranting tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or, inapplicable

to this case, he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000). There is no evidence in the record that Petitioner was prevented in some extraordinary way from asserting his rights in federal court. His incarceration, pro se status, and inability to make copies are common problems for inmates seeking postconviction relief. Pet'r's Mem. 13, ECF No. 1; *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). Nor do conclusory assertions regarding mental capacity warrant equitable tolling. Petitioner's 2008 "Parole Case Summary" reflected no history of mental health problems at the time of his release and there were no special conditions imposed for mental health evaluations. Writ 39, 44, ECF No. 12-3. The fact that Petitioner was temporarily suicidal on January 21, 2013, underwent a psychiatric evaluation on January 25, 2013, was diagnosed with "major depressive disorder" and "post traumatic stress disorder," and prescribed medication for his symptoms does not show that Petitioner was incapable of filing during any part of the limitations period. *Id.* at 62-66; Pet'r's Mem. 4-6. Further, the fact that he was placed in isolation on March 17, 2013, for 24-hour suicide-watch prevention and was temporarily housed in the Lubbock County jail's "Special Needs Housing Ward" does not establish that he was rendered incapable of filing his federal petition for a prolonged period of time. Pet'r's Mem. 4-5, ECF No. 1. In short, nothing whatsoever in the record suggests that Petitioner was incompetent during the relevant period.

Accordingly, Petitioner's federal petition was due on or before September 30, 2014. His petition filed on July 9, 2015, is therefore untimely.

4

### III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus is DISMISSED as time-barred. Further, for the reasons discussed, a certificate of appealability is DENIED.

SO ORDERED on this 25th day of May, 2016.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**